## NESBITT v. STEVENS.

[No. 20,250.   Filed December 15, 1903.]

TRUSTS.—*Deed.*—*Declaration of Trust.*—It is not necessary to create a trust that the deed conveying the property to be affected by the trust shall contain the declaration of the trust upon which the same is held. *p. 522.*

SAME.—*Declaration of Trust.*—*Writings.*—Section 3391 Burns 1901, relative to trusts concerning lands being in writing, is satisfied if the trust has been manifested or can be proved by any writing under the hand of the party to be charged, or of the party who is enabled to declare the same, provided the fiduciary relations, terms, and conditions of the trust are set forth with sufficient certainty. *p. 522.*

SAME.—*Establishment.*—*Writing.*—Letters, receipts, or other writings signed by the trustee may be sufficient to establish a trust. *p. 522.*

SAME.—*Letter.*—*Deed.*—*Evidence.*—Where a letter written and signed by a person to whom land was conveyed, and upon which it was sought to establish that the land was conveyed in trust, was incomplete, indefinite or uncertain, the court erred in excluding evidence properly offered by defendant to show the situation, circumstances, and surrounding of the parties to the deed and letter. *pp. 522, 523.*

APPEAL AND ERROR.—*Assignment of Error.*—Alleged error of court in the exclusion of evidence will not be reviewed on appeal, where the ruling complained of is not assigned as a cause for a new trial. *p. 523.*

From Grant Circuit Court; *H. J. Paulus*, Judge.

Suit by Harvey F. Stevens against Cyrus Nesbitt. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*G. A. Henry* and *P. H. Elliott*, for appellant.
*W. H. Carroll* and *G. D. Dean*, for appellee.

MONKS, J.—Appellee brought this suit against appellant to enforce an alleged express trust. A demurrer for want of facts was overruled to the additional paragraph of complaint. A trial of said cause upon said paragraph of complaint resulted in a finding, and, over a motion for

a new trial, a judgment in favor of appellee. The errors assigned call in question said rulings of the court.

Appellant insists that the court erred in overruling the demurrer to the additional paragraph of complaint. It appears from the additional paragraph of complaint that on and prior to December 1, 1893, appellee, a son-in-law of appellant, was the owner of eighty acres of land in Grant county, Indiana, described therein; that there were mortgage and ditch liens on said real estate amounting to $1,869, and that he was otherwise indebted in the sum of $400; that he also owned a note then due for $205.43; that said note was assigned to appellant, and that said real estate was conveyed by appellee and his wife to appellant in trust that he would pay said liens on the land and said $400 indebtedness of appellee, sell said land, collect said note for $205.43, and, after reimbursing himself for the said sum paid out for appellee and retaining a reasonable compensation for his services, pay the remainder of the amounts received for said land and collected on said note to appellee; that appellant has paid said liens and other indebtedness of appellee as he promised to do, but has failed, neglected, and refused to sell said real estate or otherwise execute said trust, and has cut timber on said land and sold the same for $500, and converted the same to his own use; that said real estate was worth $3,000 when conveyed to appellant and is now worth $4,000. Prayer that appellant be required to sell said land, render an account of the proceeds, and, after payment of all amounts paid out by him and for debts, expenses, and trouble, that he be directed to pay balance remaining to appellee, and on his failure to do so that a commissioner be appointed to carry the decree into effect. The writing signed by appellant upon which said pleading rests and which was made a part thereof was a letter written by appellant to appellee, and reads as follows: "Dec. 14th, 1903. Well, Harve, I received a letter from you last night

and your chances are slim to get the money to renew. I have been down with the sore throat for a week or two, but I studied over the matter and have come to the conclusion to make you an offer, and it is this: I will pay off the mortgage which is $1,704 and that note of Miller's of $400, which will make $2,104, and you to send me Bob's note and I will try and get enough out of that to pay the ditch assessment on the Middle fork, you to send Miller the interest on the note for one year and if I can make anything out of it after paying me for my trouble and expense you will get it. But I aint going to promise any more till I get out of debt. I will have to borrow the money and if the place will pay the taxes and interest it will do well. I went out this morning to see if I could raise the money and made the arrangement if it was all right with you, and went to see Bob. He is off at you but he said that he would let me have 150 bushels of corn, and he had ten pigs which would weigh about sixty to eighty pounds, and he said that he would let them go on the note when fat, about February. It might be I could get enough out of Bob to pay the ditch taxes. That would leave only a small amount for you to meet, $50 to the lodge, $100 to Green and it will be a hard summer on me next summer for I will have so much ditch tax to pay. Now Harve, if it suits you make me a deed subject to mortgage and I will send you the Miller note as soon as interest is paid. It has taken all the surplus money I could get to build that house at Herbst and I aint fixed to buy and wouldn't if you could get through. But it has got to go for the mortgage if you depend on Bob. Now Harve, do as you think best and if you take me up at my offer don't depend on anything from the place and if I can sell it after while you will get what is right if I am living, but life is uncertain, but I don't think any of them would wrong Anna or Roy out a cent. Bob said there was $2 more due him for some wire and express on that wheat. Now let me

know right off and if you don't want to take that all right. Tell Anna and Roy I wish them a merry Christmas. Aunt Kate Williams is at my house, is going to stay some time. Sold my hogs to-day at five cents, got all the wheat on the road stored, there was about 2,400 bushels. C. Nesbitt to H. F. Stevens. Harve there is nothing against the place but that mortgage. If there is write me and let me know. I doubt if Bob leaves the farm this spring. But I will do the best I can with him. Farming is very bad but you treated me all right. If you decide to take me up write to the agent at Indianapolis and tell him I want to settle it off at Marion. There is an agent at Marion for the same firm I think. C. Nesbitt."

It is settled that to create a trust it is not necessary that the deed conveying the property to be affected by the trust shall contain the declaration of the trust upon which the same is held. The statute (§3391 Burns 1901, §2969 R. S. 1881 and Horner 1901) is satisfied if the trust has been manifested or can be proved by any writing under the hand of the party to be charged, or of the party who is enabled to declare the same, provided the fiduciary relations, terms, and conditions of the trust are set forth with sufficient certainty. Letters, receipts, or other writings signed by the trustee may be sufficient to establish a trust. *Ransdel* v. *Moore,* 153 Ind. 393, 400, 401, 53 L. R. A. 753, and authorities cited. While said letter, as appellant contends, may be indefinite, ambiguous, and of doubtful construction as to some of its terms, yet, when considered in connection with the averments of said paragraph of complaint of which it is a part, we think no error was committed by the court in overruling the demurrer for want of facts.

During the progress of the trial the court, on objection of appellee, excluded evidence properly offered by appellant to prove the position, situation, circumstances, and surroundings of the parties to said deed and letter, in order

that the same might be read and construed in the light thereof. The letter upon which the case depends was not so complete, definite, and certain as to justify the exclusion of such evidence. Greenleaf, Evidence (16th ed.), §§286, 287, 288, 295a; Beach, Contracts, §581; *Ransdel* v. *Moore, supra.*

The court also excluded evidence as to the conduct of the parties in reference to said land subsequent to the execution of said deed and the writing of said letter. Appellant claims that such evidence was admissible on the ground that the parties had thereby given a practical interpretation to said deed and letter showing that the title conveyed to appellant was absolute and not in trust. This ruling of the court was not assigned as a cause for a new trial, and is not, therefore, before us for decision. See, however, on this subject, *Gaylord* v. *City of Lafayette,* 115 Ind. 423, 430, 431, and cases cited; *Reissner* v. *Oxley,* 80 Ind. 580, 584, and cases cited; *Roush* v. *Roush,* 154 Ind. 562, 569, 570, and cases cited; *Bever* v. *Bever,* 144 Ind. 157, 164.

It is clear that the court should have admitted evidence as to the situation, circumstances, and surroundings of the parties to said contract when executed.

Judgment reversed, with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.