## DAUGHERTY ET AL. v. FARRAR.

[No. 9,981. Filed November 5, 1919. Rehearing denied February 6, 1920. Transfer denied March 16, 1920.]

1. TRUSTS.—Creation.—Contract Executed Simultaneously With Deed.—Sufficiency.—Quiet Title.—Where a father deeded lands to his daughter, and simultaneously therewith, by a contract in which her husband joined, the daughter agreed to reconvey one-half in value of the lands to the grantor or his appointee, when grantor should so direct, and where the grantor immediately upon the signature and delivery of the contract to him indorsed thereon a signed direction to convey the land at once upon his death to a son, and where grantor had died, and a demand upon the grantee had been made for a conveyance to the named son of a one-half interest in said land, a complaint setting up such facts in a suit to quiet title held sufficient as against demurrer.  p. 58.

2. TRUSTS.—Creation.—Deed.—Contract.—To create a trust it is not necessary that the deed conveying the property to be affected contain a declaration of the trust, the statute being satisfied if the trust has been manifested or can be proved by any writing under the hand of the trustee.  p. 58.

From Marshall Circuit Court; Smith N. Stevens, Judge.

Action by William C. Farrar against Ada Farrar Daugherty and another. From a judgment for plaintiff, the defendants appeal. Affirmed.

D. F. Brooks, for appellants.
Harley A. Logan and Albert Ward, for appellee.

ENLOE, J.—The complaint in this case upon which the cause was tried was in two paragraphs, the first being to quiet title to certain lands in Marshall county, Indiana, and was in the usual short form. The second was based upon a certain deed to said lands and a contract alleged to have been executed simultaneously therewith, and as a part of the same transaction, between one Josiah Farrar, the father of appellee and of appellant Ada Farrar Daugherty, and said Ada Farrar

Daugherty and her husband, Lawrence L. Daugherty, by which deed the said Josiah Farrar, his wife joining therein, conveyed certain lands in Marshall county to his said daughter, and she, his said daughter, by said contract then and there agreed to reconvey one-half in value of said lands to him, said Josiah Farrar, or as he may direct, when he may direct; that said Josiah, upon said contract being signed by appellants and delivered to him, wrote thereon the following:

> "In case of my death the above mentioned land is to be at once deeded to W. C. Farrar, Josiah Farrar."

That said Josiah Farrar was dead and that a demand had been made upon appellants to convey to appellee the one-half interest in said land as in contract provided.

To this complaint appellants answered in general denial. Ada Farrar Daugherty also filed a cross-complaint alleging that she was the owner of said lands and asked that her title be quieted thereto as against the claim of appellee. This cross-complaint was answered by general denial.

The issues thus formed were submitted to the court for trial, which, at the request of the parties, made a special finding of facts and stated its conclusions of law thereon favorable to the appellee. Decree was entered accordingly.

No exceptions were taken to the conclusions of law, but the appellants duly filed their motion for a new trial on the grounds that: The decision was not sustained by sufficient evidence; that the decision was contrary to law; error in admitting certain offered testimony; error in excluding certain offered testimony.

The alleged errors relied upon for a reversal are: (1) Overruling demurrer to complaint; (2) overruling motion for a new trial.

The court did not err in overruling the demurrer to the complaint. In *Nesbitt* v. *Stevens* (1903), 161 Ind. 519, 69 N. E. 256, the court said: "It is settled 1-2. that to create a trust it is not necessary that the deed conveying the property to be affected by the trust shall contain the declaration of the trust upon which the same is held. The statute (§3391 Burns 1901, §2969 R. S. 1881 and Horner 1901) is satisfied if the trust has been manifested or can be proved by any writing under the hand of the party to be charged, * * *." See, also, *Richards* v. *Wilson* (1916), 185 Ind. 335, 370, 112 N. E. 780.

Appellants in their brief have stated no "point" in which it is claimed the evidence is insufficient to sustain the special findings, but, on the contrary, expressly say (appellant's brief p. 46): "We do not question there is some evidence to sustain all the facts found, and under the rules of this court, it will not look to the preponderance, and therefore, this case must be decided upon the conclusions of law as supported by the evidence."

Appellants in their brief have presented no questions upon the rulings of the court in admitting and excluding testimony and, as no exceptions were taken to the conclusions of law, the judgment must be affirmed. Judgment affirmed.