[No. 13437.   In Bank. —January 29, 1890.]

J. J. CONNOLLY, RESPONDENT, *v.* J. W. HINGLEY, APPELLANT.

EJECTMENT—VENDEE IN POSSESSION UNDER CONTRACT OF PURCHASE—FAILURE TO PERFORM CONTRACT—EQUITABLE DEFENSE.—A vendee in possession under a contract of purchase who has not performed his contract, but is in default with his payments, without excuse, cannot maintain an equitable defense to an action of ejectment by the vendor or his grantee.

ID.—DEMAND—WHEN NOT NECESSARY.—Where such vendee has been out of possession for five or six years after default in his payments, and then re-enters, no demand is necessary to make his possession tortious.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. D. Tupper*, and *E. D. Edwards*, for Appellant.

*George A. Nourse*, for Respondent.

HAYNE, C. — Ejectment; judgment for plaintiff; defendant appeals.

Both parties claim through one Chapman. The defendant claims to be in possession under a contract of purchase from Chapman made in November, 1875. This contract provided that defendant should pay for the property the sum of one thousand dollars, as follows: $100 cash on the execution of said instrument;

$750 in sixty monthly installments of $12.50 each, payable on the first day of each month, and $150 on the first day of November, 1880. Of this sum he paid only $437.50. His last money payment was in 1877, and there was allowed him for a deficiency in fencing a credit of $25 in 1879. These facts are established by the findings, which are sustained by the evidence. The burden was clearly upon the defendant to sustain the allegations of his equitable defense, and having failed to do so, the finding was properly against him. (*Leviston* v. *Ryan*, 75 Cal. 294; *Speegle* v. *Leese*, 51 Cal. 415.) In 1879 he removed with his family to the Sandwich Islands, where he remained until 1887, when he returned to California, and after several months' sojourn in different places, re-entered upon the land.

The plaintiff claims under a deed from Chapman made in 1880. He was in possession under this deed from about the time it was made until the defendant's entry in 1887. This is expressly found; the finding is not unsupported by the evidence; and there is no sufficient specification attacking it.

It is apparent that the defendant can have no greater right against the plaintiff than he has against Chapman. And so far as the possession is concerned, he has no equity against Chapman, because he was in default under his contract, without excuse. As was said in *Hannan* v. *McNickle*, *ante*, p. 122, which is similar in principle: "The performance of his contract is an essential feature of any equitable defense on his part."

Defendant relies, however, upon an extension of time. In 1879, being then in default, he asked Chapman for an extension, and the latter replied: "If you pay me in two years, all right; and if you don't pay me in two years, that will settle it." There was no consideration for this verbal promise; and, assuming that it would be a waiver of delay, it was not a valid alteration of the written contract. (Civ. Code, secs. 1607, 1608.) Furthermore, the

two years expired in 1881. Seven years elapsed before the commencement of the action; and the evidence does not show that defendant has paid or offered to pay anything further than was paid before he went to the Islands. He does not even offer by his answer to pay what is due, but merely says that he " has been willing to perform, and has performed, and has offered to perform, each and all the covenants in said agreement on his part to be performed," which was by no means the case. The conveyance to the plaintiff did not relieve the defendant from his obligation to comply with his contract. Whether such conveyance operated in equity as an assignment of the contract to plaintiff or not, it did not have the effect of giving the defendant the land without payment of what his contract required of him. He was bound to pay some one, and he has not paid any one, or offered to do so. This prevents him from having any right to equitable relief.

No demand was necessary to make the defendant's possession tortious. At the time of the entry complained of, he had not been in possession under the contract for several years. The court finds that when he went to the Sandwich Islands, he " abandoned " possession of the lots. We are not prepared to say that this finding is not sustained by the evidence. All that defendant says about it is, that he " did not leave the lots vacant," and that he " rented the property *for a year*, when I went away, to J. R. Palmer." But if we assume that Palmer went into possession, it does not appear how long he remained so. Waiving this, however, and assuming, in favor of defendant, that he did not "abandon" the possession, it sufficiently appears, as above stated, that plaintiff was in possession from the time of the deed under which he claims until the entry of defendant in 1887. Under these circumstances it seems clear that, whatever may be the rule as to demand upon a vendee

in possession under a contract of sale, it has no application to this cause.

A number of exceptions were taken during the trial, but no argument is made in support of any of them, and consequently they must be held to be waived.

We therefore advise that the judgment and order appealed from be affirmed.

Foote, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.