[Civ. No. 2265.   Third Appellate District.—February 8, 1921.]

## RIVER FARMS COMPANY OF CALIFORNIA, Respondent, v. JOHN BORGES et al., Appellants.

[1] VENDOR AND VENDEE—ACTION FOR INSTALLMENT OF PRICE—SUBSEQUENT ACTION FOR RECOVERY OF PROPERTY—ABSENCE OF ESTOPPEL.—A vendor under a contract of sale of real property does not, by bringing an action for the recovery of an installment less than the whole purchase price, thereby make an election of remedies which estops him from maintaining a subsequent action for the recovery of the property after all the installments have become due.

[2] ID.—VENDEE IN POSSESSION—EJECTMENT—EQUITABLE DEFENSE—DUTY OF VENDEE.—A vendee under a contract of sale and in possession of the property cannot set up against the vendor in an

action in ejectment after all the installments have become due an alleged equity arising out of the contract until he has performed or offered to perform the contract.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Cunnyngham and McPike & Murray for Appellants.

Thomas Rutledge and Chickering & Gregory for Respondent.

PREWETT, P. J., *pro tem.*—Action in ejectment. Judgment in favor of plaintiff and respondent. The defendants appeal. The plaintiff claims title as grantee of the Yolo Land Company. The appellants claim right of possession by virtue of a certain contract of purchase entered into between said Yolo Land Company and appellant, John Borges, on October 1, 1913, whereby the latter was to pay $24,000 for the property in dispute. The sum of $4,800 was then and there paid in money and no other or further payment, except a little interest, has ever been made by Borges or in his behalf. The balance of the purchase price was agreed to be paid as follows: The sum of $3,840 on the first day of October in each of the years 1914, 1915, 1916, 1917 and 1918, together with interest. In order to understand the point of this appeal it is necessary to quote a number of provisions of the contract under which the property was purchased.

The provisions in question follow:

01. "If any of said installments are not so paid, then at the option of the owner, the whole of said principal sum and interest shall become immediately due and payable or all rights of the purchaser under this contract be deemed terminated as mentioned hereinafter."

5. "It is also, expressly understood and agreed between the parties hereto that in all matters and things hereunder to be done, and all payments hereunder to be made, time is and shall be of the very essence of this agreement.

6. "The waiver by the owner, of any breach of covenant or agreement on the part of the said purchaser shall not

be deemed or held a waiver of the terms of this contract making time of the essence thereof as to other payments thereafter falling due.

7. "In the event that any payment remains unpaid for thirty days after the same becomes due according to the terms of this agreement, the owner shall be released from all liability hereunder at law or in equity either to convey the above described real estate or to repay all or any part of the payments made by the purchaser; but in that event all payments made shall be deemed and considered as rent paid for the period before such default and shall be retained by the owner, and all further rights of purchaser under this contract to the payments made or to a conveyance or possession of the real estate shall thereupon terminate and cease; . . . provided, however, that the owner on purchaser's default, may at his option bring an action to foreclose the rights of the purchaser or to recover installments due, according to this clause, either for installments delinquent or for the whole balance of the contract price unpaid.

8. "That each and all of the terms hereof shall inure to the benefit of and be binding upon, the heirs, executors, administrators, successors and assigns of both parties to this contract."

The defense to the action is not based upon any claim that the defendant Borges has complied with the terms of his contract, for it is admitted that he has never paid a cent upon the principal of said purchase price except the $4,800 paid at the date of the contract or a few days thereafter.

[1] The defense is that the Yolo Land Company, by an election of inconsistent remedies, has estopped itself to claim a recovery of the land and is relegated to other remedies. The outstanding fact in the case, then, is that the defendant Borges is claiming the land and withholding the money. It would be a woful injustice if he could do this, and we are not prepared to say that the law either sanctions or permits such a result. To appreciate fully this defense of election of remedies, it is necessary that we examine in detail the several acts relied upon to establish the election and the several alternatives reserved to the seller in the contract of sale.

The installment of October 1, 1914, remaining unpaid, the Yolo Land Company, on August 24, 1915, commenced an action against defendant Borges to recover the same, but the action was dismissed without trial. If, however, the commencement of this action constituted an election, then the subsequent dismissal thereof did not operate as a revocation of the election.

Another installment ripened on October 1, 1915, and on November 9, 1915—more than thirty days after it became due—the Yolo Land Company, in an action brought against it by said Borges, filed an answer and cross-demand setting up said contract and the default as to said two payments that became due respectively on October 1, 1914, and October 1, 1915, and praying judgment in said sums. Thereafter certain persons purporting to be trustees of the creditors and stockholders of said Yolo Land Company filed amended answers setting up the default of defendant Borges as to said two payments and praying judgment accordingly.

On or about the twenty-third day of February, 1918, said trustees filed in said last-mentioned action their amended answer to supplemental complaint therein alleging, among other things, that said Yolo Land Company on or about November 6, 1916, conveyed the premises in question to the plaintiff herein and praying for judgment in the sum of $14,360, but without any statement as to what that sum represented. Said answers and amended answers averred that said Yolo Land Company was dissolved on May 1, 1917, by a decree of court.

It will be noted that the fact and date of the dissolution and the fact and date of the conveyance to the plaintiff are not found by the court and they get into the record only by way of recital in an answer filed in another action. We have no proof that they took place. This appeal is based wholly upon the judgment-roll and we look to that alone for our facts.

It is found by the court that "prior to the commencement of the above-entitled action the said John Borges refused upon tender of a good and sufficient deed to ·said premises to pay the balance of said purchase price or to deliver up and surrender the possession of said premises and has never at any time offered to complete said contract"; and it is, of course, presumed in aid of the unwrit-

ten defense to the allegations of the answer that such finding is properly supported by an implied allegation to like effect. This action was commenced on January 13, 1919, or more than three months after the maturity of the last of the deferred payments. In other words, at the time of the commencement of this action, the defendant, Borges, was completely in default on all his payments and interest save the initial payment and a small sum by way of interest.

At no time was there ever a suit brought for the whole of the purchase price, nor for any part of it except for the first two installments. Much stress is placed by appellant upon the fact that the Yolo Land Company, on November 9, 1915, filed an answer in a suit brought against it by said defendant Borges wherein it set up the default as to the installment that became due on October 1, 1914, and also the installment that became due on October 1, 1915, claiming that the action itself has been commenced some months earlier and before the maturity of said last-mentioned installment. However, the installment was more than thirty days overdue at the time the answer was filed and this is sufficient. But if it were otherwise, we are without light as to the date of the commencement of the suit. It is true that the defendant Borges, in the third paragraph of his third defense, avers that it was commenced on August 31, 1915, but the court failed to find on the point. We must assume in support of the judgment that the appellant submitted no proofs in support of this allegation. (*Mohr* v. *North Rawhide Min. Co.*, 177 Cal. 264, [170 Pac. 600].) The position of the appellants is that the inclusion of an installment not then due could be done only under the forfeiture clauses of the contract permitting the owner to bring an action for the entire purchase price in case any installment was overdue. In view of the state of the record as above outlined, it becomes unnecessary to examine their contention that such inclusion constituted an election of inconsistent remedies.

We have stated that there exists in the record no proof that the Yolo Land Company was ever dissolved. In making this statement we are not unmindful of the fact that the court found, in finding 14, as follows: "That on or about the twenty-fifth day of February 1918, H. C. Morris, Charles Sutro, E. L. Dow, J. F. Humburg and H. A. Kunz,

as trustees of the creditors and stockholders of the Yolo Land Company, filed, etc.'' But this finding falls far short of a finding that the Yolo Land Company was dissolved. In support of the judgment we may assume that it is yet a subsisting corporation, if such an assumption is necessary.

The court found that defendant Borges had refused upon tender of a deed to pay the balance of the purchase price. In support of the judgment the court will presume that this deed was executed by the proper parties; that the demand was made by the proper parties and in the proper sum, and that these facts were established by competent evidence. Upon this state of the record the judgment must be affirmed, unless the acts of the Yolo Land Company in bringing the first-mentioned action and in filing the answers in the second-mentioned action constituted such an election as estops it and its vendees from claiming the property.

But bringing an action for an installment less than the whole purchase price cannot operate as such an election. The installments were due and the payee had a right to proceed to collect them. This has been held even in an action to recover an installment on the purchase price of personal property. In *Silverstin* v. *Kohler & Chase,* 181 Cal. 51, [9 A. L. R. 1177, 183 Pac. 451], the court, speaking through Mr. Justice Wilbur, says: ''There is no difference, in principle, in favor of the purchaser, between such recovery of the installments due, and the payment of those installments by the purchaser without suit. The seller was not, therefore, put to his election between two inconsistent remedies.'' We are not called upon to determine what would have been the effect had the vendor obtained a judgment for the entire purchase price, for no such judgment was either given or sought.

[2] But even if the findings as to various allegations contained in answers in other actions could be regarded as findings that the matters so alleged are facts, still the appellants would not be entitled to prevail. The defense of the appellants is an alleged equity arising out of the contract in question. In no event can they be heard to assert this defense until they, or at least until Borges, shall have offered to perform. Not only has he not offered to perform, he even affects to show that circumstances have relieved him from the obligation to perform, thus placing himself

in the grossly inequitable position of claiming both the land and the price. But, as above shown, these alleged circumstances are supported only by his allegations that the pleadings in another action aver them to be true.

Courts will not tolerate a principle at once so gross and so at variance with fair dealing. If any authority in support of so obvious a principle were needed, it is found in the case of *Connolly* v. *Hingley*, 82 Cal. 642, [23 Pac. 273], where the court, in an action in ejectment against a vendee in possession, says: "The burden was clearly upon the defendant to sustain the allegations of his equitable defense, and having failed to do so, the finding was properly against him. . . . The plaintiff claims under a deed from Chapman. . . . It is apparent that the defendant can have no greater right against the plaintiff than he had against Chapman. And so far as the possession is concerned he has no equity against Chapman, because he was in default under his contract, without excuse. As was said in *Hannan* v. *McNickle*, 82 Cal. 122, [23 Pac. 271], which is similar in principle: 'The performance of his contract is an essential feature of any equitable defense on his part.' . . . The conveyance to the plaintiff did not relieve him from his obligation to comply with his contract. . . . He was bound to pay someone, and he has not paid anyone, or offered to do so. This prevents him from having any right to equitable relief." A demand upon Borges was found by the trial court, but, since the answer shows that a demand would have been unavailing, it was not necessary to perform the vain act of making one. The claim of appellants that the alleged dissolution of the Yolo Land Company relieved Borges of the duty of performing his contract is scarcely specious. Even if the dissolution had been found by the court, such dissolution would not have worked an extinguishment of the obligation. He would still have owed someone and he made no offer to pay anyone.

The point urged by the appellants that there is no finding as to the value of the use and occupation of the premises arises through inadvertence. The court in finding 4 expressly covers this point.

It does not appear to be necessary for this court to speculate as to the method whereby the plaintiff acquired the title. The court, in finding No. 6, determines that at the

51 Cal. App.—22

date of the contract the Yolo Land Company was the owner of the property. In finding 2 it is shown that the plaintiff, at the time of the commencement of this action, was and ever since has been the owner thereof. There is no inconsistency in these findings. The evidence in the case is not before us and we are required to assume such a state of the evidence as would justify the findings of the court. Whether the plaintiff acquired the property by mortgage sale, tax title, direct conveyance from the Yolo Land Company, or otherwise cannot affect the result.

The appellants plead the statute of limitations, but they have affirmatively shown that they never claimed by an independent and hostile title, but only as vendees under a contract of purchase which they have not performed or offered to perform.

That the Yolo Land Company or its assignee of its rights under the contract could, if vested with the legal title, eject the appellants would seem to be too plain for discussion, and its grantee stands in at least as good a position. It has been noted, however, that the court has not found that the Yolo Land Company ever conveyed the property to the plaintiff. But it has found, in support of the allegations of the complaint, that the plaintiff was, at the commencement of this action, the owner and entitled to the possession thereof, and this, as we have shown above, is sufficient, and the court will presume such conveyance as may be necessary to support the finding.

The court was under no duty to fix a period within which appellant Borges might perform his contract. He asked no such relief and he did not offer to perform. We find no error that would justify a reversal.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 7, 1921.

All the Justices concurred, except Sloane, J., who was absent.