## NATIONAL UNION FIRE INSURANCE COMPANY *v.* MINAS FURNITURE COMPANY.

[No. 12,883.    Filed October 4, 1927.]

1. TRIAL.—*Motion for judgment on the evidence equivalent to demurrer to evidence.*—In a trial by the court, a motion for judgment on the evidence is equivalent to a demurrer to the evidence, and the same rules for determining the sufficiency of the evidence apply.    p. 362.

2. TRIAL.—*Rule stated for ruling on motion for judgment on the evidence.*—On a motion for judgment on the evidence, the court must accept as true all facts which the evidence tends to prove, and, as against the party making it, to draw from the evidence all such reasonable inferences as a jury might draw, and, if there is a conflict in the evidence, only such evidence as is favorable to the party against whom the motion is directed can be considered.    p. 362.

3. REFORMATION OF INSTRUMENTS.—Evidence *held* insufficient to justify the reformation of an insurance policy where mistake was made in amount of premium.    p. 362.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Suit by the National Union Fire Insurance Company against the Minas Furniture Company to reform an insurance policy. From a judgment for the defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Gavit, Hall, Smith & Gavit, Silber, Isaacs, Silber & Woley, Samuel Levin, Frank N. Gavit* and *Albert H. Gavit,* for appellant.

*Sheehan, Lyddick & Sharavsky,* for appellee.

REMY, J.—Suit by appellant against appellee to reform an insurance policy and to enjoin the prosecution of an action thereon. It is averred in the complaint, in substance, among other things, that on October 15, 1923, appellant company, in consideration of a premium of $23.60 paid by appellee, issued to appellee a policy by which it agreed to indemnify appellee to the amount of $2,000, for a term of one year, against loss of merchandise by fire; that by mistake of the scrivener, the policy was written for a term of three years instead of one year as was intended, and was so delivered to appellee; that appellant did not discover the mistake until after a fire, which occurred more than two years after the policy was issued; that at the time of the writing and delivery of the policy, a fire insurance rating bureau had been organized under the name of Indiana Inspection Bureau, and had filed with the Indiana Insurance Commissioner a copy of its articles of association and by-laws and all the schedules used by it as the basis for making rates, together with all rules; that appellant was at the time a member of the Indiana Inspection Bureau, which had in full force and effect rules and ratings approved by the insurance commissioner pertaining to the particular property covered by the policy sought to be reformed, which rules have at all times provided that

360    APPELLATE COURT OF INDIANA,

Nat., etc., Fire Ins. Co. v. Minas Furn. Co.—86 Ind. App. 358.

the rate on such property should be $1.18 for each hundred dollars, and that each policy should be written for a term of one year and no longer; and that, under the rules and regulations promulgated by the Indiana Inspection Bureau, $23.60, the premium paid by appellee, was the regular rate chargeable per year for the indemnity provided by the policy issued to appellee. It is also averred that on February 9, 1926, appellee suffered a loss by fire of the property covered by the policy, and thereafter commenced the prosecution of an action against appellant on the policy, as a three year policy, in an Illinois court, which proceeding is now pending; that the common-law practice and procedure is in force in the State of Illinois, and particularly there is a rule thereof in force which prevents the pleading of equitable defenses by the defendant in an action at law, which rule precludes appellant, as defendant in the action pending in the Illinois court, from asking in that court a reformation of the policy. There is a prayer that the policy be reformed in such a manner as to read, that it insures the property of appellee described therein for a term of one year, and that appellee be enjoined from further prosecution of the action pending in the Illinois court.

In addition to an answer in denial, appellee filed an answer setting forth that the policy was written and delivered by appellant's local agent, who informed appellee at the time that it was a three year policy and that the premium was $23.60, which was paid; that, upon receipt of the policy, which on its face was for three years, appellee made a memorandum of the date of expiration and filed the policy with other papers; that it understood and believed the policy to be for a term of three years, and had no information that appellant would contend otherwise until after the fire loss; that it does not know the correct premium for such

insurance, and that if it has not paid the proper premium on the policy, it is now willing, ready and able to pay any additional premium, and has always been ready and willing so to do, and now, tenders and offers to pay into court any sum of money necessary to pay the premium on the policy for the term for which it is written; that it has never concealed from appellant the fact that the policy was for a three-year term; that appellant has been in possession of all the facts concerning the policy ever since it was written, and has neglected to call attention to any irregularity in the policy or that the premium was less than it should have been, or that the policy should have been written for but one year, and that appellant is now estopped to set up any of such matters. With the answer, appellee paid into court for the use of appellant, as an additional premium, the sum of $55.

A reply in denial to the second paragraph of answer closed the issues.

The cause was submitted to the court for trial, and at the close of plaintiff's evidence, the defendant moved that the court render judgment for defendant, which motion was sustained, and judgment so rendered.

The evidence submitted, and which is a part of the record, is meager. Appellant's agent, who wrote the policy, testified, in substance, that he solicited the insurance and was authorized by appellee to write a policy for $2,000, that nothing was said about the term for which the insurance was to be written; that he wrote the policy for three years, making three copies of the policy, one of which he mailed to the Indiana Inspection Bureau, one to the home office and one he retained for his own files, the original being delivered to appellee; that witness had no recollection as to whether in writing the policy he thought the $23.60 was the premium for one year or more; and that he did not know till after

the fire that he had written the policy for three years. The policy was introduced in evidence, as were the rate book and rules of the Indiana Inspection Bureau.

The sufficiency of the evidence to sustain the decision is the only question for review.

It is well settled that a motion for judgment on the evidence is equivalent to a demurrer to the evidence, and that the same rules of construction apply. **1, 2.** *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593. On a motion for judgment on the evidence, the court must accept as true all facts which the evidence tends to prove, and, as against the party making it, to draw from the evidence all such reasonable inferences as the court or jury might draw, and, if there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the motion is directed can be considered. *Chicago, etc., R. Co.* v. *Williams* (1892), 131 Ind. 30, 30 N. E. 696.

In its effort to show that the evidence is sufficient to make out a *prima facie* case for reformation, and that the court erred in sustaining appellee's motion for judgment on the evidence, appellant contends **3.** that, under the evidence, the mistake was merely that of the scrivener, and was a mistake as to the term for which the insurance was written, and not as to the premium; that appellee concealed the mistake from appellant until after fire loss; and that, under the rules of the Indiana Inspection Bureau, the policy could not have been lawfully written for more than one year. It is argued that the policy shows on its face that the rate for one year was $1.18, and that, therefore, appellee knew that there was a mistake in the policy. In this appellant is in error. It is stated in the policy that the rate is $1.18, but it is not stated that this is the rate for one year or three. There is nothing in the policy to apprise appellee that a mistake had been made. On

the other hand, appellant was in possession of two copies of the policy as written,—one at the home office and one with the local agent. It knew or could have known the fact as to the premium paid. Appellant is also in error in its contention that the policy in the form it was written was in violation of the rules of the Indiana Inspection Bureau; those rules do not prohibit the insuring of merchandise, such as is covered by the policy in suit, for a period of three years; the provision of the particular rule is that the premium on such a policy shall be three times the amount for one year. Clearly, the mistake of the agent was not in the term for which the insurance was written, but was in the amount of the premium, which should have been three times $23.60. Appellee, having learned of the mistake of the agent as to the premium, tendered the remainder of the premium, and has made the tender good by paying the same into court for the use of appellant.

We hold that the evidence is insufficient to entitle appellant to a reformation of the policy, and that the trial court did not err in sustaining the motion for judgment.

Affirmed.