HILL ET AL. *v.* ROGERS ET AL.

[No. 18,117.   Filed June 7, 1951.   Rehearing denied July 9, 1951.
Transfer denied December 11, 1951.]

*Seth E. Rowdabaugh,* of Warsaw, for appellants.

*Graham & Eschbach; Widaman & Widaman;* and *Philip J. Harris* (of counsel), all of Warsaw, for appellees.

ROYSE, J.—In May, 1947, the appellee Rogers owned the east one-half of the lot involved in this action. The appellees Wainwright owned the west half of this lot and built a home thereon in which they resided.

In May, 1947, appellee Rogers entered into a written contract with appellants to sell them the east half of said lot. The contract fixed the sale price at $300 payable $50 in cash when the contract was executed and payments of $10 per month. Said appellee was to place a deed in escrow with the Warsaw Investment Company to be delivered to appellants when they had completed payment therefor. Appellants were placed in immediate possession of said lot and did extensive grading and leveling of the land thereby materially enhancing the value of said lot. From the time the contract was entered into appellants continuously and openly used this lot in connection with the operation of a garage and filling station situated on another lot which they owned adjacent to the lot which they were purchasing from Rogers. This lot was used for storing and servicing large trucks and tractors. Appellants did not make the first four monthly payments when due. In October, 1947, they made these four payments which were accepted by appellee Rogers.

In May, 1948, appellants were seven months delinquent on their contract. About the middle of that month they contacted appellee Rogers and informed him they were negotiating for the sale of their garage and this lot and asked him about their account. Rogers told

them to go ahead and complete their deal and then to pay him and get their deed. Relying on this, on May 24, 1948 appellants entered into a contract with their vendee who was not to make payment until the title was approved. Subsequently, Rogers prepared a deed which was turned over to appellants' vendee for examination. This deed contained restrictions which would have made it impossible to use this lot for business purposes. Appellants and their vendee sought vainly to have Rogers remove these restrictions. Finally, about May 29, 1948, they agreed to take the deed as tendered. On June 7, 1948 they went to the office of Warsaw Investment Company to obtain the deed and make payment to Rogers. They were informed Rogers had taken the deed from the office of the escrow agent. On that day and the day following appellants sought Rogers at various places in Warsaw to make payment and obtain the deed. In the forenoon of June 9th Rogers appeared in the office of appellants and declared they had no contract and refused their tender of payment. On June 10, 1948 Rogers sold this lot to the appellees Wainwright. The Wainwrights had actual and constructive knowledge of appellants' interests in this lot.

Appellants brought this action against the appellees to set aside the deed to the Wainwrights and for specific performance of their contract with Rogers and for damages. Trial to the court. At the conclusion of appellants' case the trial court sustained appellees' separate motions for judgment in their favor. The error assigned here is the overruling of appellants' motion for a new trial. In view of the conclusion we have reached, it is necessary to consider only the first specification of that motion, that the decision is contrary to law.

Where, as here, the trial court sustains a motion for judgment in favor of defendants at the conclusion of plaintiffs' case, this court, in considering the propriety of the trial court's action, may consider only the evidence and the reasonable inferences which may be drawn therefrom most favorable to the plaintiff. If there is any evidence from which it may be reasonably inferred the plaintiff was entitled to relief, it is error to sustain such a motion. *Fritz* v. *Clark et al.* (1881), 80 Ind. 591, 596; *Abernathy* v. *McCoy et al.* (1926), 91 Ind. App. 574, 154 N. E. 682; *National Union Fire Insurance Co.* v. *Minas Furniture Company* (1927), 86 Ind. App. 358, 158 N. E. 248. The foregoing statement of facts is made in accord with this rule. *Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 96 N. E. 2d 346.

The purchase agreement between appellants and Rogers contained the following provision:

> "Throughout the term of this agreement, time shall be the essence thereof, and in event second parties should fail to pay any instalment of the purchase price, interest or taxes when due or to comply with any part of this contract, then second party, at his option, may enter upon and take possession of same and eject second parties therefrom and retain all payments as rental and liquidated damages. The failure of first party to exercise such option, upon any such default shall not preclude him from exercising said option upon any subsequent default."

This court and the courts of many other jurisdictions have frequently been called upon to construe similar provisions of sales contracts under like circumstances as those presented herein.

In 55 Am. Jur. 1023, § 630, it is stated.

"It is well settled that a vendor by agreeing to an extension of time for the payment of purchase money, or an instalment thereof, precludes himself from asserting a forfeiture based on the vendee's delay in payment pursuant to the agreement. Such rule is not dependent upon the validity, as such, of the agreement for an extension, and hence applies even though the agreement is invalid by reason of the statute of frauds. The rule of waiver applies even though the agreement for an extension is wholly indefinite as to time; and notwithstanding an agreement for an extension of time within which to make payments on a contract cannot be given effect as a contract because of the absence of consideration, it may be given weight as evidence that the vendor waived the right to declare a forfeiture because of default in making payments during the period over which the extension was intended to take effect. All of the cases assume that if an agreement of extension is not enforceable as such, the vendor may, by appropriate warning notice given, elect to re-establish the right of forfeiture. The fact that a vendor's consent to delay in payment is secured after a default in payment occurs does not prevent the consent from operating as a waiver of, or estoppel to assert, a forfeiture for a continuance in default pursuant to such consent. *If a vendor consents that the time for payment be extended indefinitely until a specified event occurs, he cannot, without warning, assert a forfeiture because of delay pursuant to such consent.*" (Our emphasis.)

See also, Anno. 107 A.L.R. 401, 402.

In the case of *Clayton* v. *Fletcher Savings & Trust Co. et al.* (1929), 89 Ind. App. 431, 155 N. E. 539 (transfer denied), this court, in passing on the forfeiture provision of a contract which provided for forfeiture on ten days notice after a delinquency where practically the same question as to waiver was presented, said, at page 444:

"Forfeiture is a harsh remedy, not favored in equity, and must yield to the principle of com-

pensation where fair dealing and good conscience seem to demand. Where a party by his indulgence has waived the provision of a contract making the time of payment of money of the essence of the contract, and temporarily suspends the right to declare a forfeiture, *such right can be resumed only by giving a definite and specific notice to that effect.*" (Our emphasis.)

See also, *Baker et ux* v. *Eades* (1930), 90 Ind. App. 664, 169 N. E. 686. We do not deem it necessary to cite the many other authorities in this state and elsewhere which support the foregoing rule.

The facts in the case of *Miller* v. *Fletcher Savings and Trust Company et al.* (1922), 78 Ind. App. 183, 133 N. E. 174, relied upon by appellee, were entirely different than those herein. In that case this court said:

"Appellant presents questions with reference to appellees' waiver of forfeiture and appellant's rights thereafter, but we do not need to discuss the questions for the reason that the contract is explicit as to appellees' right in these words: 'Failure or delay to exercise this option (to rescind) shall not be nor operate as a waiver of the right to exercise such option at any time thereafter.' The contract is equally specific as to the kind of notice of appellees' exercise of the option. This notice was given strictly in accordance with the terms of the contract, on February 16, 1918. This action was not commenced until December 11, 1919. In the meantime appellant made no tender of further payment, and made no demand for further rights under the contracts."

The well-established rule which is our guide in this case is based on principles of fairness, justice and honesty. This is demonstrated by the record herein. About May 15, 1948, when appellants talked with Rogers about their delinquency and their desire to sell, he told them *"to go ahead and make our deal*

*and then come in and settle up and get our deed."* It is to be noted he placed no time limitation upon his agreement. Therefore it is presumed he intended they should have a reasonable time to do this. In less than a month appellants had completed a deal with their vendee and made every effort to contact Rogers to pay him the amount due on the contract. In fact it may be reasonably inferred from the record that Rogers was evading them. Then, without any reasonable notice or warning, he went to the office of appellants and told them they had no contract. And he at that time refused the tender appellants made.

On the record before us it is clear appellants were ready, willing and able and did everything in their power to perform their obligations under the contract within a reasonable time after the waiver.

The record discloses appellees Wainwright were cognizant of appellants' interests and rights in this property. They discussed it with appellants only a few days before they took their deed.

For reasons stated herein, the judgment is reversed with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 99 N. E. 2d 270.