EDWARDS *v.* SHEEHAN CONSTRUCTION COMPANY.

[No. 18,480.  Filed December 4, 1953.]

*Charles A. Huff* and *Ollie B. Hanger,* both of Indianapolis, for appellant.

*Harry M. Stitle,* of Indianapolis, for appellee.

KENDALL, P. J.—Appellees filed this action to recover possession of real estate alleged to be owned by said corporation and which at the time of filing suit

was occupied by appellant under an oral conditional sales contract made on or about September 27, 1943, under the terms of which the appellant was required to pay $150.00 down, $10.00 a month until the purchase price of FIFTEEN HUNDRED ($1500.00) DOLLARS had been paid, together with interest at six (6%) percent per annum, taxes and assessments. The appellant's theory is that damages were sought by appellees by reason of his default in monthly payments prior to filing suit. Appellees contend, however, that the appellant had terminated the oral contract and that damages were sought by reason of occupancy after filing of complaint, which contention the trial court evidently rendered his judgment on in view of rhetorical paragraph six of appellees' complaint, which is as follows:

"That said property has· a reasonable rental value of $35.00 per month and that for each month, or fraction thereof, defendant occupies said property from and after the filing of this complaint, plaintiff is entitled to recover damages in the sum of $35.00."

It is alleged that it was orally agreed that in case of failure of appellant for sixty (60) days to make payment when due that the contract, at the option of appellees, could be forfeited and that appellees retained payments as liquidated damages. This was denied and no evidence offered thereon; that the relationship was that of a conditional vendor and conditional purchaser and that upon appellant's failure to carry out his part of the contract and at appellees' election to terminate, that no further notice was required.

The relief prayed for was for an order of eviction in delivering appellees' possession of real estate, together with FIVE HUNDRED ($500.00) DOLLARS damages for wrongful possession.

The appellant filed answer which admitted a portion and denied a portion of the complaint. Trial by court resulted in a judgment in favor of appellees, awarding possession of the real estate, together with FOUR HUNDRED ($400.00) DOLLARS damages. The errors relied upon for reversal by appellant are the overruling of the motion for new trial, that the decision of the trial court is not sustained by sufficient evidence and is contrary to law, that the amount of recovery is erroneous, it being too large.

Motion for new trial filed containing five separate specifications. The first two relate to alleged errors of the trial court in overruling appellant's motion for judgment and finding at the close of plaintiff's evidence and also at the close of defendants' evidence. Such motions, if made, are not shown in the transcript; neither are they referred to in the argument portion of appellant's brief, nor are cases cited in support thereof. Said specifications one and two are therefore deemed waived.

It is admitted that the appellee company owned the property in question; that appellant had been in possession thereof for nearly ten years under a parol contract by which he was supposed to make payments as heretofore mentioned; that the appellant had failed to make the original down-payment but had paid NINETY ($90.00) DOLLARS but thereafter failed to make the monthly payments when due; that the appellee company, by their agents and employees, made numerous requests upon appellant for payments of contract; that on July 11, 1952, counsel for appellees sent the following letter to appellant:

July 11, 1952

"Mr. Willie Edwards,
407 Indiana Avenue,
Indianapolis, Indiana.

Dear Mr. Edwards:

I went to the office of the Sheehan Construction Company yesterday and myself checked the record of your payments on the property at 805 Blake Street. You stated to me that your payments were current. As a matter of fact, you have never been current. The original down payment was to be $150.00 and there were to be three payments made the balance of that year, 1943, in the amount of $10.00 making $180.00 which should have been paid in 1943. Actually you paid only a total of $90.00 so January 1, 1944 you were $90.00 in arrears and some years since that time you had paid more than due that year but you in the majority of the years have not made the payments due and you are now approximately $350.00 in arrears and the Sheehan Construction Company is terminating the contract for failure to perform on your part.

"The property is, as you know, zoned for business. If you wish to buy it for $5,250.00 on contract with a payment of $1,000.00 down and payment of $75.00 per month plus insurance and taxes, the Sheehan Construction Company will enter into such Conditional Sales Contract with you.

"In the event you do not wish to do this and will not acknowledge a Quitclaim Deed from yourself and your wife to the Sheehan Construction Company that you have no interest in the property, it will be necessary for me to bring an action next week to have the court determine that you have no interest therein."

Under the evidence and the issues thus formed, taking into consideration the fact that payments on the purchase price on said property had not been made when due, the question is, could the appellees terminate the oral contract by letter and bring an action to dispossess the appellant without written demand to the effect that the appellant pay the amount

in arrears by a specific time, when the contract involved fails to contain a clause or provision about appellees' right to terminate the contract upon appellant's failure to pay when due?

There was evidence of the appellant's negotiating with the appellees as to the purchase price upon re-sale of the property to him. Appellant had paid approximately $1,240.54 during the ten-year period of occupancy. From January, 1952, to April, 1953, nothing was paid on the oral contract by appellant. Neither was any tender made. This was during the period that appellant claimed that the oral contract was in effect. Notwithstanding the fact, however, that the lawsuit was filed in August, 1952, and that he had had notice of the letter of the termination thereof.

The appellant argues that when a conditional sales contract exists and the vendor permits the vendee to pay installments at irregular times and not in all things in accordance with the contract, that the vendee must, before seeking to terminate the contract, give prior notice that he will insist upon strict performance. In the instant case, the contract did not contain any provision as to a forfeiture clause. Neither is it the contention of the appellant that the relationship of landlord and tenant existed.

Sec. 3-1620, Burns' Anno. Stat. 1933, provides as follows:

". . . where the relation of landlord and tenant does not exist—no notice to quit shall be necessary."

We believe under the facts of the case and the provisions of the statute immediately above quoted, that no notice to quit was required. There was evidence of probative value from which the court could determine that the appellant acknowledged

termination of the parol contract. It is not reasonable that a person who believed that he had then and there an existing contract would still make inquiry as to what the purchase price would be upon negotiating another sale. The reasonable inference would be that a desire to make arrangements for a re-purchase so as to be permitted to continue occupancy of the property would constitute a forfeiture of the former contract.

The appellant cites three cases in substantiating his theory of notice being required. The first of which is *Clayton* v. *Fletcher Savings & Trust Co.* (1927), 89 Ind. App. 431, 155 N. E. 539. Upon reading that case, it is discovered that the contract under consideration was one which provided the requiring of a ten-day notice to rescind after default thereof. The evidence in this case did not disclose a time limit for modification or rescinding said contract upon default, and, on page 437 thereof, the Appellate Court said:

". . . if the provision requiring notice of the intention to rescind had been omitted from the contract, no notice would have been required, . . ."

We believe that is the situation that existed in the present case and which the court found did exist. Also in the Clayton case, *supra*, the buyer tendered the amount due prior to the commencement of the action. We do not have in this case the question of tender being made. Appellant also cites the case of *Baker* v. *Eades* (1930), 90 Ind. App. 664, 169 N. E. 686, and *Hill* v. *Rogers* (1951), 121 Ind. App. 708, 99 N. E. 2d 270. Neither of these two cases cited are in point with the factual situation under consideration. The Baker case, *supra*, involved a written contract which contained a forfeiture provision, and the Hill case, *supra*, involved a situation in which the land-

owner had told the buyer to whom he had sold real estate on conditional sales contract to proceed with his plans to sell the property and that then he could complete the transaction with the present owner. We do not have in this case the question of waiver of the right to pay. We believe the Hill case, *supra,* is good law but not in point. From the evidence introduced, doubtless the trial court found that appellant had been given a certain time within which to pay; that appellant had not paid the amount required, including taxes, interest and assessments; that he had not complied with the demand of the letter written by counsel for the appellees; that in view of inquiry about a price on re-sale, he admitted termination of the oral contract, and, as a result thereof, had no equity in said real estate.

The appellant had positive notice of termination of the parol contract on January 11, 1952, in part as follows:

"The Sheehan Construction Company is terminating the contract for failure to perform on your part."

This was a sufficient, positive act which manifested the appellees' intention to put appellant on guard as to the effect of his failure to comply. In view thereof, such notice was sufficient to treat the contract as at an end. *Oconto Co.* v. *Bacon* (1923), 181 Wis. 538, 195 N. W. 412. It is a rule of law that if a vendee, in addition to being in default under the terms of a contract, places himself in legal contemplation in the attitude of a trespasser that the vendor may treat him as such and sue for possession without notice. *Michigan Land & Iron Co.* v. *Thoney* (1891), 89 Mich. 226, 50 N. W. 845; *Prentice* v. *Wilson et al.* (1852), 14 Ill. 91.

The action and conduct of a vendee may be such as to waive or excuse notice even if required. In the case of *Connolly* v. *Hingley* (1890), 82 Cal. 642, 23 P. 273, involved a case where, five years after the execution of a contract of sale, the vendor deeded the same to a third party, who entered into possession and retained the same for seven years and until the vendee, who had theretofore quitted possession, made a re-entry asserting rights under his contract, it was held that such vendee, being at the time and having been for some years in default, was entitled to no demand precedent to such third party's maintaining an action in ejectment. The court said in this case, "whatever may be the rule as to demand upon a vendee in possession under a contract of sale, it has no application to this cause." We, therefore, believe that the decision of the trial court is sustained by sufficient evidence and is not contrary to law.

The damages sought by appellees were for the months from the time of filing said suit until possession was surrendered. Evidence was submitted that this type of property was of a fair rental value of $35.00 to $40.00 per month. The trial court determined under the evidence that $400.00 was a reasonable value of the damages sustained by the appellees. Under the facts, we cannot say that this was excessive. The appellant occupied the property all that time, had the use and benefit thereof.

Sec. 3-1629, Burns' 1946 Replacement, provides as follows:

"The occupant without special contract of any lands shall be liable for the rent to any person entitled thereto."

In the case of *Shelt* v. *Baker* (1923), 79 Ind. App. 606, 137 N. E. 74, which in part involved the measure

of damages a property owner should receive where a contract had been defaulted, the court said:

> "In considering this contention" (that the amount of recovery was too large) "we must assume that the evidence was sufficient to sustain the court in finding appellants were in default in paying the installments due, that they had thereby forfeited their rights under said contract, and that appellees were entitled to recover damages in some amount. So in determining whether or not the amount of recovery is too large, we proceed upon the theory that the contract was forfeited by reason of appellants' default. Under such a condition appellants' possession of the property after such default was a wrongful and unlawful detention and the measure of appellees' damages for such unlawful detention is the rental value of the property during the time of such unlawful detention."

Finding no error, judgment affirmed.

Achor, J., concurs in result.

NOTE.—Reported in 115 N. E. 2d 750.