No. 13,989.

## KINTNER *v.* JONES ET AL.

TRUST AND TRUSTEE.—*Deed.—Contemporaneous Written Agreement.— When it Constitutes a Trust.*—Heirs owned a piece of real estate as tenants in common, and two of the tenants in common conveyed their interest in said real estate to the other tenant in common by a deed, absolute on its face, naming a money consideration, but contemporaneously with, and as a part of the transaction, the grantee signed and delivered to the grantors a written agreement which required of her certain duties in respect to the payment of the debts of the ancestor, and the making of repairs, and the ultimate disposition of the property, and the distribution of the proceeds, after reimbursing herself.

*Held,* that this constituted a perfectly executed and explicitly declared trust, which a court of equity is bound to recognize and enforce.

*Held,* also, that the recital in the deed and in the contemporaneous contract that the conveyance had been made for the consideration of $4,000 did not render inoperative the trust declared in the writing.

SAME.—*Duty of Trustee to Sell Property.—Absence of Discretion.*—A provision in the contemporaneous written agreement that the grantee "may sell" whenever she had an opportunity to do so, at a fair price, did not vest in her the absolute discretion to determine whether or not she would sell the property at all, or whether she would keep it for her own use and enjoyment. Her duty was to offer the property for sale within a reasonable time after the debts were paid, and to use all reasonable diligence to obtain the best price.

SAME.—*Naked Powers.—Power Coupled with a Trust. - -Distinction Between.*—Mere naked powers are purely discretionary, the donee of such a power is not subject to the compulsory power of a court of chancery. Where, however, the power is coupled with a trust for the benefit of third parties, or in the execution of which third parties are interested, it becomes imperative, and its execution may be coerced.

SAME.—*How the Trust May be Manifested.*—It is not necessary that the deed, or instrument, in which the estate which is to be affected by the trust is granted, should also contain the declaration of the trust upon which the property is to be held. The trust may be manifested, or proved, by any writing signed by the party to be charged, or by the party who is entitled to declare the trust, provided the fiduciary relations are set forth in the writing with sufficient certainty.

CONVEYANCE.—*Consideration.—Parol Evidence to Show.*—The consideration

of a contract, or conveyance, is always open to extrinsic inquiry, and may be shown by parol evidence.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager,* for appellant.

*R. J. Tracewell* and *N. R. Peckinpaugh,* for appellees.

MITCHELL, C. J—This is an appeal from a judgment that the plaintiff take nothing by her suit, the court having sustained a demurrer to the complaint, and the plaintiff declining to amend. The facts appear to be, that Jacob Kintner, prior to the year 1883, died intestate, leaving certain real estate in the town of Corydon, upon which was situate a hotel and livery stable, of the estimated value of $8,000, in which were contained certain personal property of the value of about $1,500. His property descended to his three children, Sallie K. Jones, William W. and George T. Kintner, who were his only heirs at law.

On the 30th day of January, 1883, while owning the above property as tenants in common with their sister, William W. and George T. Kintner conveyed and transferred, by an absolute deed, duly executed, all their interest in the real and personal estate which they inherited from their father, to Sallie K. Jones, for the stipulated consideration of $4,000. Contemporaneously with, and as a part of the transaction, the grantee signed and delivered to the grantors a written agreement, which contained a recital to the effect that she had purchased all the interest of the other heirs in the real and personal estate of Jacob W. Kintner, deceased, for the consideration of $4,000, after which there was the following stipulation :

" It is understood that the same is conveyed with the understanding that I am to pay off the indebtedness of the said Jacob W. Kintner, including taxes and other liens upon the real estate up to this date, taking receipts and proper vouchers therefor ; that I am to repair the hotel building and rebuild such fencing of the hotel and stable lots as may be

required and necessary for running the hotel on said lot, paying the same from profits, if sufficient, and whenever an opportunity occurs to sell said property at its fair value, may sell and dispose of the same, and after being compensated for the payments herein named, the remainder of the proceeds of the sale is to be equally divided between myself and said George T. and William W. Kintner."

It is not averred in terms, but it is fairly inferable from what appears in the complaint and the agreement thereto attached, that the only consideration for the conveyance was the agreement executed contemporaneously therewith and as a part thereof.

It is averred in the complaint that the defendant took possession of the hotel and other property in 1883, that she has paid the debts, amounting to $1,500, and made repairs of the value of $500, and that she has realized in profits from the use of the property a sum in excess of the debts paid and the value of improvements made. It is also averred that the property could readily have been sold for its fair cash value, but that the defendant has made no effort to sell, but, in violation of her agreement, denies the trust thereby created, and claims to be the owner of the property in her own right, and refuses to account, etc., etc. Prayer for an accounting, and for an order that the property be sold, and that the proceeds be distributed in conformity with the agreement above mentioned.

In support of the ruling of the court it is argued that the deed from George T. and William W. Kintner to Sallie K. Jones created an absolute estate in fee simple in her, and that because it is recited in the conveyance, as well as in the contemporaneous agreement, she purchased the property for a valuable consideration, and because there was no reservation of any interest in the land to the grantors, the grantee had the right and power to use, occupy, enjoy, sell and convey the property for herself and at her will and pleasure, without any liability to account. In short that she took the

property unaffected by any trust whatever.   Moreover, it is contended that if a trust was created, it was one that was purely discretionary with the trustee, and beyond the control of the court.

Notwithstanding the recital in the deed, and in the agreement referred to, that the conveyance was made upon a consideration of $4,000 paid by the grantee, it fairly appears that the only consideration upon which the conveyance was made was that the grantee should pay the debts of the ancestor, and put the property in repair, and that this was to be done out of the profits of the hotel and livery, and that as soon thereafter as an opportunity occurred the property was to be sold for its fair value, and after compensating the grantee for any payments for which she had not been reimbursed, the remainder of the proceeds was to be equally divided between the grantors and grantee.

While it is quite true the conveyance vested the whole title in the grantee, she took the estate upon certain definitely expressed trusts, and not for her sole and exclusive benefit.

It is not necessary that the deed or instrument in which the estate which is to be affected by the trust is granted, should also contain the declaration of the trusts upon which the property is to be held.   The trust may be manifested or proved by any writing signed by the party to be charged, or by the party who is entitled to declare the trust, provided the fiduciary relations are set forth in the writing with sufficient certainty.   *Gaylord* v. *City of Lafayette*, 115 Ind. 423 (428), and cases cited.   Although the deed in the present case was absolute, and purported upon its face to be upon a valuable consideration, so that as to all the world it vested in the grantee an absolute estate in fee simple, it was nevertheless subject to a written declaration over the hand of the grantee, which required of her certain duties, in respect to the payment of the debts of the ancestor, and the making of repairs, and the ultimate disposition of the property and the distribution of the proceeds after reimbursing herself.   This constituted a

perfectly executed and explicitly declared trust which a court of equity is bound to recognize and enforce. The recital in the deed and in the contemporaneous contract that the conveyance had been made for the consideration of $4,000, did not render inoperative the trusts declared in the writing.

It is familiar law that the consideration of a contract or conveyance is always open to extrinsic inquiry, and may be shown by parol evidence. Having seen that the grantee took the conveyance subject to certain expressed trusts, the inquiry remains whether or not she was possessed of an uncontrollable discretion as to the management and disposition of the estate conveyed? The obligation which arises when a mere power is conferred, is not to be confounded with the duty imposed where the power is coupled with an express or implied trust. Mere naked powers are purely discretionary, and the donee of such a power is not subject to the compulsory power of a court of chancery. Where, however, the power is coupled with a trust for the benefit of third parties, or in the execution of which third parties are interested, it becomes imperative and its execution may be coerced. Perry Trusts, section 248; Hill Trustees, 770.

The deed and contemporaneous agreement not only conferred upon the grantee the power to sell the property, but, as we have seen, the latter instrument created a well-defined and explicit trust. The language providing that the grantee "may sell" whenever she had an opportunity to do so at a fair price, is not to be regarded as vesting in her the absolute discretion to determine whether or not she would sell the property at all, or whether she would keep it for her own use and enjoyment.

Such a discretion would be merely arbitrary and mischievous, beneficial alone to the trustee, and destructive of the interests of the cestuis que trust. While the power to sell was in some sense discretionary with the trustee, so far as respects the right to determine the fair value and terms of sale, she was not, after having paid the debts and made the improve-

ments specified out of the rental or profits of the property, authorized arbitrarily and capriciously to refuse to make sale at a fair price.  Her duty was to offer the property for sale within a reasonable time after the debts were paid, and to use all reasonable diligence to obtain the best price.  Having, as appears from the complaint, not only failed to do this, but repudiated the trust and asserted an absolute right to the whole estate, the complaint made a case for the intervention of the chancery powers of the court. *Irvine* v. *Dunham,* 111 U. S. 327 ; *Cavender* v. *Cavender,* 114 U. S. 464.

The judgment is reversed, with costs.

