## THE CONTINENTAL NATIONAL BANK OF INDIANAPOLIS v. MCCLURE ET AL.

[No. 8,945. Filed January 26, 1916.]

1. APPEAL.—*Ruling on Motion for New Trial.—Briefs.*—Where appellant's brief does not contain the motion for a new trial or its substance, and discloses no application of any of the .points and authorities stated. to any particular ground of such motion, no question is presented on alleged error in the overruling of such motion. p. 554.

2. BANKS AND BANKING.—*Deposits.—Trust Funds.—Restoring to Beneficiary.*—The act of a depositor in depositing a trust fund to his own account does not change the character of such fund, and notwithstanding the fact that it has been converted or mixed with the funds of the trustee, or of those claiming through him, if it has not passed into the hands of parties for value without notice of the trust, and its identity has not been lost, the court will separate same from the other funds with which it has been mingled and restore same to the beneficiary entitled thereto. p. 555.

From Superior Court of Marion County (90,528); *Pliny W. Bartholomew*, Judge.

Action by Edward S. McClure and others against the Continental National Bank of Indianapolis. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*John W. Holtzman, Lewis A. Coleman* and *Wm. Gage Hoag*, for appellant.

*James Bingham*, for appellees.

HOTTEL, J.—This is an appeal from a judgment in appellees' favor in a suit brought by them to have certain moneys deposited with appellant bank declared a trust fund and for recovery of such fund. It appears from the pleadings and the evidence that appellees were dealers in live stock in the state of Ohio and shipped certain stock to Hayes, Allen & Company, of Indianapolis, who were commission merchants, to be sold on commission by the company. Hayes, Allen & Company sold the stock and deposited the proceeds of the sale in its name in ap-

pellant bank and drew a check in favor of appellees on the bank for the amount of the proceeds of the sale, less the commission of the company. Prior to the time the check was presented for payment Hayes, Allen & Company became insolvent. At that time it was indebted to the bank in the sum of $2,700, evidenced by promissory note. When the bank learned of the insolvency of Hayes, Allen & Company it credited the balance of the account of the company, $515.45, on its note which was not then due. Thereafter the check given by Hayes, Allen & Company to appellees was presented for payment and payment was refused by the bank on the grounds that the company did not have funds on deposit in the bank with which to pay the check. The complaint sets out in detail the facts connected with the sale of appellees' stock by Hayes, Allen & Company and the deposit of the money received therefrom in appellant's bank, and avers that appellant had knowledge of all the facts and knew that the money so deposited with it and credited by it on the note was appellees' money. The court found that the sum of $515.45, which appellant credited on the $2,700 note held by it against Hayes, Allen & Company was a trust fund, and belonged to appellees. Judgment was rendered in accordance with such finding

Appellant in its brief, under the heading "errors relied on for reversal", specifies but one error, viz., that "the court erred in overruling appellant's motion for new trial". This motion is not set out or further referred to in the brief, nor is the ruling thereon or the exception to such ruling indicated. The grounds of such motion, or the substance thereof, is not set out or indicated in the brief. Under appellant's "Points and Authorities", four propositions are stated and authorities

cited thereunder, which propositions are as follows, viz., "(1) The trial court erred in holding that the sum of $515.45, being the balance of the account of Hayes, Allen & Company at the time the check of the appellee, McClure, was presented for payment, was a trust fund belonging to appellees. * * * (2) A bank may set off unmatured notes against deposits belonging to insolvent depositors. * * * (3) The unpaid balance of a draft of $250 which was credited to the account of Hayes, Allen & Company by appellant bank should have been deducted from the amount of the judgment rendered against appellant. * * * (4) Appellant bank had the right to refuse payment of appellees' check for the reason that the balance of Hayes, Allen & Company's account at the time said check was presented was less than the amount of the check." Appellant makes no application of any of these propositions to any ground of its motion for new trial, or to any ruling of the trial court on which error is predicated. For the reasons indicated appellant's briefs present no question for our consideration and a dismissal of the appeal is authorized. *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 100 N. E. 1062; *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392; *Palmer* v. *Beall* (1915), *ante* 208, 110 N. E. 218.

However, it is apparent that the legal propositions above indicated on which appellant relies have no application in this case, if the averments of appellees' complaint were sustained by the evidence, and our examination of the evidence set out in the respective briefs convinces us that it was sufficient to sustain the decision of the trial court. If the fund in question was a trust fund, its character was not changed by Hayes, Allen & Company depositing it to their own ac-

count, and where such fund had been converted or mixed with the funds of the trustee, or those claiming through him, but had not passed into the hands of parties for value without notice of the trust and its identity had not been lost the court will separate the trust fund from the other funds with which it has been mingled and restore it to the beneficiary entitled to receive it. *Bundy* v. *Town of Monticello* (1882), 84 Ind. 119, 128; *Citizens Bank, etc.* v. *Harrison* (1891), 127 Ind. 128, 26 N. E. 83; *Pearce* v. *Dill* (1897), 149 Ind. 136, 142, 48 N. E. 788; *Shoppert* v. *Indiana Nat. Bank* (1908), 41 Ind. App. 474, 477, 83 N. E. 515; *Windstandley* v. *Second Nat. Bank* (1895), 13 Ind. App. 544, 547, 41 N. E. 956; *Orb* v. *Coapstick* (1894), 136 Ind. 313, 316, 36 N. E. 278; *Central Nat. Bank* v. *Connecticut Mut. Life Ins. Co.* (1881), 104 U. S. 54, 26 L. Ed. 693. The judgment below is therefore affirmed.

NOTE.—Reported in 111 N. E. 191. See, also, under (1) 3 C. J. 1420; 2 Cyc 1014; (2) 39 Cyc 536.