## FOLSOM *v.* CALLEN

[No. 18,668.   Filed January 23, 1956.]

*Brady & Watson* of Muncie, and *Marshall, Hillis & Hillis,* all of Kokomo, for appellant.

*Joseph A. Noel,* and *Jump, Noel & Lacey,* all of Kokomo, for appellee.

KELLEY, J.—Appellant appeals from an adverse judgment entered for appellee, upon her motion therefor, at the close of appellant's evidence. By his complaint appellant sought to recover of appellee a commission which he alleged appellee agreed to pay him for the sale by him, as her agent, of a certain business known as "Hotel Francis" in the City of Kokomo, Indiana, a going concern, owned by her.

The determination of the appeal turns upon whether appellant was a "real estate broker" as defined in Acts 1949, Chapter 44, page 129, et seq., (Burns' 1951 Replacement, Secs. 63-2401 to 63-2423, inclusive) and required to possess a license as therein prescribed. It is admitted by appellant that he was not licensed under the Act as a real estate broker.

The only evidence introduced at the trial was that put in by appellant. The parties are in dispute as to what the evidence establishes. Appellant claims that the evidence shows that he "sold a business enterprise, good-will and personal property only," while the appellee contends "That the appellant claims compensation for services in attempting to sell a going business enterprise consisting of a long term lease, fixtures, furnishings and good-will is an inescapable conclusion to be derived from the evidence."

Appellant admits that the evidence discloses "that defendant (appellee) was a *leasee* of the building (the hotel) and real estate in which and on which said business was conducted and that said lease had some 19 years of its total term unexpired, which said fact was a matter considered by the final purchaser in the consummation of the sale," but says that there is no evidence that said lease was sold or delivered to the purchaser nor that he had any authority granted by

appellee to sell, assign, or deliver it to the final purchaser.

The only witnesses to testify were appellant and his salesman, Harry H. Humbert. The evidence pertinent to our inquiry and which must be construed favorable to the appellant, may be epitomized as follows:

Appellant testified, in substance, that he discussed with appellee "the sale of the furniture and the lease and personal property"; that he asked her "if she owned the furniture, the amount of the lease, the years, and number of baths in the hotel"; that he asked her how long the lease had to run, for "I was selling furniture and fixtures" and "You don't want to buy one in an empty building"; that "she put a price on her furniture and lease and I quoted it for that"; that the matter of a lease is of significance in connection with the sale of a hotel business; that "I was selling her furniture, fixtures and equipment and lease-hold"; that he offered Mr. McCormick (a prospect but not the ultimate purchaser) the "furniture and lease"; that he was not a licensed Real Estate Broker or Real Estate Salesman in Indiana.

Appellant's salesman, Harry H. Humbert, testified that on August 1, 1951, he wrote to appellee inquiring if she might be interested in selling "the lease and equipment" of the Francis Hotel; that he afterward came to Kokomo and talked with appellee and that she then said "What the price of the lease and furnishings were" and the price she wanted therefor; that the appellant afterward talked to her and "asked her how long a lease she had" and how much business and she gave him a statement thereof; that his recollection was that she said "she had 18 years" to run; that Thomas C. Knapp and Mr. Hostetler bought the hotel as a going concern and business enterprise. On cross-examination

he said that the price suggested by appellee was to include "the leasehold," the furniture, the fixtures and the good-will of the hotel; that no separate price was placed on the fixtures, the furnishings, the lease or the good-will; that he remembered a letter he had written to two prospects in which he submitted to them information on the "Francis Hotel lease" and that "Mrs. Callen is asking $150,000.00 for her lease, which has nineteen (19) more years to run"; that the word "lease" as used in the letter refers to the "lease, furnishings and equipment" and that the term of the lease was mentioned for the reason that "It wouldn't be any good if it wasn't a nice long lease"; that he was present when the contract was signed and "everybody signed it." The contract referred to was not put in evidence.

Such part of Sec. 22 of the Act (Burns' 1951 Replacement, Sec. 63-2422) as is deemed material to the problem now before us, provides:

> "Sec. 22. . . . The term 'real estate broker', within the meaning of this act shall include all persons . . . who, for another and for a fee, commission, or other valuable consideration, or who . . . in the expectation or upon the promise of receiving or collecting a fee, commission, or other valuable consideration . . . assists, or directs in the procuring of prospects or the negotiation or closing of any transaction *which does or is calculated to result in the* sale, exchange, *leasing or renting* of any real estate. . . ." (Our emphasis.)

Considering said evidence in the light most favorable to appellant, with appellant's aforesaid admission as to certain facts established by the evidence, it is clear that appellee's lease was quoted and negotiated for sale by appellant together with the furniture, fixtures, equipment and goodwill; that appellant and his salesman procured prospects, two of whom

became the ultimate purchasers; and that through the assistance of appellant and his salesman, the transaction was closed and the contract signed by appellee and the purchasers. It seems clear, also, that said transaction was calculated to result in the leasing or renting by the purchasers of the real estate upon which the hotel building and the furniture, fixtures, and equipment was situate. The case made by appellant's evidence, in our opinion, brings him within the statutory definition of a real estate broker. Since it is admitted that he never possessed the license required by the Act, appellant was not entitled to recover against appellee for the commission allegedly agreed to be paid by her to him. See Sec. 8 of the Act (Burns' 1951 Replacement, Sec. 63-2408) which provides that in all actions for the collection of a commission for the sale of real estate, it shall be alleged and proved therein that at the time the cause of action arose the party seeking relief was a duly licensed real estate broker or real estate salesman of the State of Indiana.

The cases from other jurisdictions cited and relied upon by appellant involved statutes containing no such provision as that quoted above from our statute and, therefore, are not considered persuasive or authoritative.

The judgment is affirmed.

NOTE.—Reported in 131 N. E. 2d 328.