MERVIS INDUSTRIES, INC., Plaintiff,

and

Clark Chevrolet Sales, Inc., Intervenor-plaintiff,

v.

David SAMS, David Sams d/b/a D & D Foods, and United States of America, Defendants.

No. TH 92–127–C.

United States District Court, S.D. Indiana, Terre Haute Division.

April 21, 1994.

Joe E. Beardsley II, Beardsley & Stengel, Clinton, IN, for Mervis Industries, Inc.

David Sams, pro se.

Michael W. Davis, Peter Sklarew, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, DC, Jeffrey L. Hunter, Indianapolis, IN, for U.S.

## MEMORANDUM DECISION

BROOKS, District Judge.

This matter is before the Court on cross-motions from plaintiff Mervis Industries, Inc. ("Mervis"), plaintiff-intervenor Clark Chevrolet, Inc. ("Clark") and defendant United States of America. The United States and Mervis filed cross-motions for summary judgment January 29, 1993. Clark filed its Motion for Summary Judgment March 9, 1993. Mervis filed answer briefs to the Clark and United States motions March 29, 1993. The United States filed a consolidated answer brief March 30, 1993. On April 26, 1993, the United States filed a Motion to Strike certain portions of Mervis' Answer Brief in Opposition. Mervis filed a response June 3, 1993.

## I. Facts

Defendant David Sams ("Sams") was an employee of Mervis. (Mervis Brief in Support, Ex. A at ¶ 5.) From December 12, 1985, to February 28, 1990, Sams was in charge of "scalehouse operations" for Mervis. (Mervis Brief in Support, Ex. A at ¶ 8.) As part of his duties, Sams purchased truckloads of scrap metal for Mervis, paying for the metal out of a cash fund supplied by Mervis. (Mervis Brief in Support, Ex. A at ¶ 9.) The cash was to be paid to drivers and customers who delivered loads of scrap to Mervis. *Id.* Sams was required to have the drivers or customers to whom he paid cash to sign a "scale ticket" to acknowledge the receipt of the cash. *Id.*

Unfortunately, Sams used his position to defraud Mervis by creating fraudulent scale tickets for "phantom" truckloads of scrap and pocketing the cash. (Mervis Brief in Support, Ex. A at ¶ 14.) Sams transferred the money to his business, D & D Foods. (Mervis Brief in Support, Ex. B at ¶ 8.) Sams embezzled at least $500,000 from Mervis in this manner. (Mervis Brief in Support, Ex. D at ¶ 2.) Sams was apprehended, convicted and sentenced to 13 years in an Illinois penitentiary. (Mervis Brief in Support, Ex. C.)

Mervis then began a civil action in the Indiana courts to recover the converted funds from Sams. (Mervis Brief in Support, Ex. D.) The Vermillion Circuit Court issued a prejudgment attachment directing the sheriff to seize Sams' assets on March 7, 1990. (Mervis Brief in Support, Ex. E.) The Vermillion County Sheriff seized the property of Sams, including several vehicles which were subsequently sold. The proceeds were delivered to the office of the Clerk of the Court of Vermillion County. (Mervis Brief in Support, Ex. F at ¶¶ 2, 3.)

On August 12, 1991, the Internal Revenue Service ("IRS") filed two notices of federal tax lien against Sams and his wife amounting to $671,180.33. (Mervis Brief in Support, Ex. J at 5; Notice of Removal.)

In December of 1993 the Vermillion Circuit Court granted a default judgment for Mervis and held a hearing on the issue of damages. The Court determined that Sams converted the property of Mervis to his own use and transferred the property to D & D Foods, which was fully aware that the money in fact belonged to Mervis. (Mervis Brief in Support, Ex. B at ¶¶ 4, 8.) The Court also found that Sams and D & D Foods were "the constructive trustee[s]" of the stolen money, with Mervis as the beneficiary. (Mervis Brief in Support, Ex. B at ¶¶ 5, 11.)

On July 2, 1992, the IRS filed a final demand for the property held by the Vermillion County Clerk of the Court. (Mervis Brief in Support, Ex. J at 5.) Mervis filed for a stay of compliance on July 7, 1992. The stay was granted. (Mervis Brief in Support,

Exs. J, K.) Mervis also moved the Vermillion Circuit Court to join the United States as an additional defendant in the action. That motion was also granted. (Notice of Removal, Ex. A.) The United States then filed a Notice of Removal, alleging that removal was proper because Mervis was seeking to determine the priority of liens and a stay of compliance with the United States' final demand.

## II. Motion to Strike

■ The United States has moved this Court to strike a sentence from Mervis' Answer Brief in Opposition which states "Sams held no property or rights to property in the cash proceeds at issue before this Court because he purchased the motor vehicles with monies tortiously acquired from Mervis." (Mervis Answer Brief at 5.)

The United States contends that "[t]he allegation in Mervis [sic] latest submission is without evidentiary support." (Motion to Strike at 2.) The United States' arguments in favor of striking the complained of lines in Mervis' Answer Brief are more properly considered as arguments against Mervis' position. The Court is well aware of the distinction between claims made in a brief and evidence supporting those claims. Therefore, the Motion to Strike is DENIED.

## III. Summary Judgment

A motion for summary judgment is properly granted only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The record and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Beard v. Whitley County REMC,* 840 F.2d 405, 410 (7th Cir.1988) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). The moving party bears the burden of demonstrating the absence of a triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden may be met by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2554.

If the moving party meets its burden, the adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading," but must present specific facts to show that there is a genuine issue of material fact. Fed.R.Civ.P. 56(e); *see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

In this case, the Court is called upon to consider three competing Motions for Summary Judgment. The United States has moved the Court to grant summary judgment (and the cash proceeds from the sale of the disputed property) to it, Mervis has moved the Court to grant it summary judgment, and plaintiff-intervenor Clark has moved for summary judgment as to a portion of the cash proceeds. In evaluating these competing claims, two issues are pivotal: the priority of the liens filed upon Sams' property, and the property rights of Sams in the disputed cash proceeds.

## A. Priority of Liens

■ A federal tax lien attaches to "all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien of the government, which arises as soon as taxes are assessed, prevails against all other unperfected liens with a few statutory exceptions. One exception is judgment lien creditors. Whenever the tax lien of the United States competes with that of the judgment lien creditor, it must be determined whether the United States filed notice of its lien in the proper place prior to the time the competing lienor established his status as a judgment lien creditor. 26 U.S.C. § 6323.

■ In this case, the United States filed notice of its lien with the Vermillion County Recorder. This notice would have been effective under the provisions of Ind.Code § 36–2–11–21, which provided that federal tax liens should be filed in the recorder's office of the county in which the property subject to the lien is located. Unfortunately, in 1987 the Indiana legislature enacted Ind. Code § 36–2–11–25 and repealed Section 21. Section 25 provided for similar filing provi-

sions, but referred to "real property" only. However, the United States argues extensively, and we do not understand Mervis to disagree, that the legislative history of Ind. Code § 36–2–11–25 indicates that Section 25 applies to personal property as well. Therefore, we find that the United States properly filed notice of the federal tax lien, as required by 26 U.S.C. § 6323(f)(1).[1]

■ However, Mervis asserts that, because it filed a pre-judgment lien prior to the filing of the tax lien, it has an interest superior to that of the government in the proceeds. We do not agree. Mervis fails to recognize that it is a matter of federal and not state law as to when a lien has acquired sufficient substance and has become so perfected as to defeat a federal tax lien. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963). For a lien to be sufficiently established to defeat a federal tax lien, the identity of the lienor, the property subject to the lien, and the amount of the lien must be established. In this case, it is clear that the amount of the pre-judgment lien was not established at the time of the filing of the federal tax lien. Mervis' interest as a creditor of Sams was contingent upon the outcome of its suit. Until Mervis received a judgment from the Vermillion County Circuit Court, its lien was "inchoate," and not perfected to the extent required by federal law so that it would defeat a valid federal tax lien. *See, Atlas, Inc. v. United States*, 459 F.Supp. 1000, 1003 (D.C.N.D. 1978).

■ Since Mervis did not have a lien in a certain amount on Sams' property at the time the federal tax lien was perfected, its interest was inchoate and inferior to the federal tax lien. Therefore, the tax lien is effective upon "all property and rights to property, whether real or personal, belonging to" Sams. 26 U.S.C. § 6321. However, although federal law determines whether a state lien is sufficiently choate so as to defeat a federal tax lien, it must be determined whether the taxpayer had property or a right to property to which the federal tax lien could attach. This is a matter of state law.

*Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960).

### B. Sams' Property Interest

Mervis argues that because Sams was a constructive trustee of Mervis, he had no interest or rights to the property at issue to which the tax lien could attach. The United States raises two arguments to oppose this theory. First, the government argues that Sams acquired not a void title in property purchased with the stolen funds, but rather a voidable title and that the tax lien therefore attaches to that interest. Second, the United States argues that Mervis has failed to properly present sufficient evidence to sustain its Motion for Summary Judgment.

### 1. An Embezzler's Title to Property Purchased with Stolen Funds

■ The United States argues in its brief that "[o]nly if state law would hold that an embezzler, from the beginning, acquires no beneficial ownership in property purchased with stolen funds could Mervis prevail in this case." (U.S. Answer Brief at 11–12.) We agree. Unfortunately for the government, Indiana law is clear, and has been clear for well over a century, that this is precisely the case. *Riehl v. Evansville Foundry Ass'n*, 104 Ind. 70, 3 N.E. 633 (1885). This rule is not simply Indiana law, it is " 'perhaps universally recognized that a constructive trust will arise when stolen or embezzled funds are used to purchase other property.' " *Dennis v. United States*, 372 F.Supp. 563 (E.D.Va. 1974) (quoting Annotation, 38 A.L.R.3d 1354, 1359). *See also, Atlas*, 459 F.Supp. at 1005; *First Nat'l. Bank v. Hill*, 412 F.Supp. 422, 425 (N.D.Ga.1976).

■ Indiana law describes a constructive trust as "a fiction of equity, devised for the purpose of making equitable remedies available against one who through fraud or other wrongful means acquires the property of another." *Hunter v. Hunter*, 152 Ind.App. 365, 283 N.E.2d 775, 779 (1972) (citing *Brown v. Brown*, 235 Ind. 563, 135 N.E.2d 614 (1956); *Koenig v. Leas*, 240 Ind. 449, 165 N.E.2d 134

---

1. The Court notes that the Indiana legislature has since amended Ind.Code § 36–2–11–25 to include all federal tax liens, further supporting the government's interpretation of the statute.

(1959)). Nor does the transformation of property from one form to another deprive a beneficiary of the right to the trust property. That rule has been unchanged for at least 99 years. It was set out in *Windstanley v. Second Nat'l Bank,* 13 Ind.App. 544, 41 N.E. 956 (1895); quoted verbatim in *Ross v. Thompson,* 128 Ind.App. 89, 146 N.E.2d 259 (1957), and quoted verbatim again in *Fall v. Miller,* 462 N.E.2d 1059 (Ind.App.1984):

> The equity rule is that trust property may be followed by the beneficiary so long as its identity can be ascertained. If a trustee or other fiduciary wrongfully dispose of his principal's property, equity imposes a constructive trust upon the new forms or species into which it is converted, so long as it can be traced or followed and its identity ascertained. The principle upon which this rule rests is a very plain and just one. It is founded upon the right of property. The trust property rightfully belongs to the *cestuis que trust* and a change in its form does not change its ownership. So long as either the original or substituted property can be traced or followed equity will always attribute the *ownership* to the beneficiary and will not allow the right to be defeated by the wrongful act of the fiduciary, no matter what form it may assume. The true owner of property has the right to have his property restored to him, *not as a debt due and owing, but because it is his property* wrongfully withheld. As between *cestuis que trust* and the trustee *and all parties claiming under the trustee, except purchasers for value and without notice,* all the property belonging to the trust, however much it may have been changed in its form or its nature or character, and all the fruits of such property, whether in its original or altered state, continue to be subject to and affected by the trust.

*Fall,* 462 N.E.2d at 1062 (emphasis added, citations and original emphasis omitted).

---

**2.** We also reject the United States' contention that "a constructive trust is merely an equitable prioritizing remedy." (U.S. Answer Brief at 10–11.) While the theoretical underpinnings of the constructive trust doctrine may lend themselves to this interpretation, it is clear the legal effect of the doctrine is that the beneficiary of a constructive trust is the *owner* of the property. ("The

The government is simply wrong in its assertion that Indiana cases "treat the wrongdoer as acquiring voidable rights to property." (U.S. Answer Brief at 7.) There is no merit whatsoever to this argument.[2]

### 2. The Evidence

The United States next argues that "it remains a fact that Mervis' motion for summary judgment fails to present any *evidence* of the embezzlement and ... fails to present any evidence that Mervis [sic, presumably should be Sams] acquired the vehicles in question with the embezzled funds." (U.S. Answer Brief at 8, emphasis in original.)

Mervis has presented this Court with certified copies of a judgment filed in the Vermillion Circuit Court of the State of Indiana. (Mervis Brief in Support, Ex. B.) This decision recites that the Court granted a default judgment to Mervis on December 9, 1991, and heard evidence on December 13, 1991, regarding damages. The judgment further recites that Sams converted $1,785,000.00 of Mervis' money to his own use (Mervis Brief in Support, Ex. B at ¶¶ 1, 3), that Sams transferred the money to Sams D & D Foods which was aware of the embezzlement (Mervis Brief in Support, Ex. B at ¶ 8), and that Sams and Sams D & D Foods were the constructive trustees of the $1,785,000.00 (Mervis Brief in Support, Ex. B at ¶¶ 5, 11).

The United States attacks the state court determination on the ground that a default judgment is "insufficient to establish the facts alleged in Mervis' original complaint against Sams." (U.S. Answer Brief at 8.) The United States argues that the judgment of the state court is not binding upon it as it did not default, and further, citing *Commissioner v. Estate of Bosch,* 387 U.S. 456, 457, 87 S.Ct. 1776, 1778–79, 18 L.Ed.2d 886 (1967), makes the assertion that "even a liti-

true owner of property has the right to have his property restored to him, *not as a debt due and owing, but because it is his property* wrongfully withheld." *Fall,* 462 N.E.2d at 1063 (emphasis added).) Thus, there is no need to "prioritize" his interest as against other creditors of the constructive trustee.

gated judgment between a taxpayer and another person will not bind the United States unless the judgment is affirmed on the merits by the state's highest court." (U.S. Answer Brief at 9.)

Indiana Trial Rule 56 states:

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or *to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper. . . .

Ind.Tr.Rule 56 (emphasis added).

Mervis has presented an order following such a hearing. The United States has presented no reasons why this Court should reject the findings of the state court. Nor does this Court perceive any reason to ignore or revise the findings of the state court. To the contrary, to do so would be an egregious violation of the principles of comity.

*Bosch* does not carve out a special protection for the United States from being bound by state court decisions. *Bosch* merely recognizes that when application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law is not controlling.[3] *Id.* at 465, 87 S.Ct. at 1782–83. Thus, if the state court had determined that the federal tax lien did not apply, its determination would not be binding upon the United States. However, the state court did not make that determination.

■ Nor does Mervis need a ruling on the facts by the Indiana Supreme Court to establish its claim. The Vermillion County Circuit Court. was merely applying well-developed state law in this case. What the United States seems to be implying is that the government is not bound by the state court's application of the law to the facts.

By no stretch of the imagination can *Bosch* be read as requiring parties to litigate their property rights in specific property to the highest court in their state before they may deem it their own and not the government's.

■ It is therefore clear that the United States' Motion for Summary Judgment must be denied. Mervis has raised a material question of fact regarding the ownership of the disputed property. The findings of the Vermillion County Circuit Court show that Sams and D & D Foods were the constructive trustees of $1,785,000.00, benefitting Mervis. It is a reasonable inference that some, if not all, of the disputed property belonged therefore not to Sams but to Mervis, and that the federal tax lien therefore did not attach to it.

■ However, while Mervis has raised a material question of fact regarding Sams' ownership of the vehicles, Mervis has not presented this Court with evidence that traces the embezzled funds into the disputed property. This is an essential requirement of the constructive trust. *Fall,* 462 N.E.2d at 1062. The state court judgment does not clearly trace the embezzled funds into Sams' property. Rather, it orders an accounting and that the Sams' and D & D Foods' property be sold to pay the obligation to Mervis. (Mervis Brief in Support, Ex. B at ¶¶ 6, 12.) Therefore, the Court cannot grant plaintiff's Motion for Summary Judgment at this time.[4]

## C. Clark's Motion for Summary Judgment

■ Turning to the Motion for Summary Judgment brought by Clark, the Court finds that Clark has presented no admissible evidence which demonstrates why it has a lien prior to the federal tax lien. Nor has Clark presented admissible evidence to show that it, *rather than Sams or Mervis, was the true*

---

3. *Bosch* dealt with estate tax liability. As such, it involved statutory considerations not at issue here. *Bosch,* 387 U.S. at 464, 87 S.Ct. at 1782.

4. The United States urges the Court to grant its Motion for Summary Judgment because Mervis has failed to bring forward evidence tracing the embezzled funds into the disputed property. The government is again overreaching. While the

United States need not negate the plaintiff's case, *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54, it is inappropriate to grant summary judgment where the moving party merely makes a conclusory allegation that the opposing party has no evidence to support its case. *Id.* at 328, 106 S.Ct. at 2555 (White, J., concurring).

owner of the disputed Blazer. The exhibits attached to Clark's motion are uncertified and unsworn, and thus do not meet the requirements of Fed.R.Civ.P. 56(e).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** defendant United States' Motion to Strike; **DENIES** defendant United States' Motion for Summary Judgment; **DENIES** plaintiff Mervis Industries, Inc.'s Motion for Summary Judgment, and **DENIES** plaintiff-intervenor Clark Chevrolet, Inc.'s Motion for Summary Judgment. This case remains pending for further proceedings to determine the extent of the constructive trust held by Mervis Industries, Inc.

### *ORDER*

This matter is before the Court on cross-motions for summary judgment of Plaintiff Mervis Industries, Inc., plaintiff-intervenor Clark Chevrolet, Inc., and defendant United States of America. Defendant United States of America also has filed a Motion to Strike certain portions of plaintiff Mervis Industries, Inc.'s Answer Brief in Opposition filed March 29, 1993.

**NOW, THEREFORE,** the Court, being duly advised, **DENIES** defendant United States' Motion to Strike; **DENIES** defendant United States' Motion for Summary Judgment; **DENIES** plaintiff Mervis Industries, Inc.'s Motion for Summary Judgment, and **DENIES** plaintiff-intervenor Clark Chevrolet, Inc.'s Motion for Summary Judgment. This case remains pending for further proceedings to determine the extent of the constructive trust held by Mervis Industries, Inc.